In the Matter of WILLIAM HENRY HARRISON, JR., an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, April 6, 1992

APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr.,* for petitioner.

*Ernest J. Peace* for respondent.

OPINION OF THE COURT

Per Curiam.

In this proceeding, the Special Referee sustained a charge of

professional misconduct alleged against the respondent. The petitioner has moved to confirm the report of the Special Referee and the respondent has submitted papers in response thereto.

The charge against the respondent alleged that he engaged in a conflict of interest, overreaching, self-dealing, and conduct adversely reflecting on his fitness to practice law. In or about June 1984 Margaret Roberts retained the respondent to represent her husband on pending criminal charges. The respondent informed her that his fee would be between $7,500 and $15,000, depending upon whether the matter was brought to trial.

To secure payment of his fee, the respondent prepared and directed execution of a mortgage on the Roberts' home in the amount of $15,000 at an interest rate of 12% per annum. Mrs. Roberts informed the respondent that she would be unable to make the interest payments inasmuch as she was unemployed, her husband was incarcerated, and she and her children were recipients of public assistance. Mrs. Roberts signed the mortgage agreement upon the respondent's assurance that he would never take her home.

The respondent thereafter arranged for Mr. Roberts to sign over his interest in the home to his wife, advising that it would avoid any complications in obtaining approval of an institutional mortgage loan. The respondent then induced Mrs. Roberts to obtain a mortgage from Metrofund, Ltd. for $27,000 at an interest rate of 23½% per annum.

After payment of closing expenses, back taxes, liens, and partial payment of the respondent's legal fees, Mrs. Roberts was left with nothing of the $27,000 she had borrowed. Moreover, under the terms of the mortgage, she was required to make monthly payments of $539.81 for a period of 10 years.

Thereafter, Mrs. Roberts was instructed by the respondent to sign a deed and other legal papers transferring title of her property to the respondent. The documents prepared by the respondent and signed by Mrs. Roberts did not provide for the possibility of any moneys in excess of Mrs. Roberts' just debts being returned to her after the sale of her home.

After reviewing all of the evidence, we find that the Special Referee properly sustained the charge of professional misconduct. The respondent is guilty of the misconduct outlined above. Accordingly, the petitioner's motion to confirm the report of the Special Referee is granted.

In determining an appropriate measure of discipline to be imposed, we have taken into consideration the fact that the respondent reconveyed the property to the complainant and waived all remaining fees after the matter was publicized in a local newspaper. Additionally, the complainant thereafter sold the property, took all the proceeds, and moved to another jurisdiction. She did not appear at the disciplinary proceeding, and her testimony was not available to the Special Referee. We find unpersuasive the respondent's contention that his conduct was primarily altruistic in that it was designed to prevent a foreclosure of a mortgage on the property. We further note that the respondent's reconveyance of title does not bar the instant disciplinary proceeding (22 NYCRR 691.8).

Under the circumstances, the respondent is censured for his professional misconduct.

Mangano, P. J., Thompson, Bracken, Sullivan and Lawrence, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, William Henry Harrison, Jr., is hereby censured for his professional misconduct.